■ DAVID S. GOLDEN, Respondent, v SHIRLEY GOLDEN, Appellant.—Order, Supreme Court, New York County, entered October 18, 1977, which, *inter alia,* confirmed the report of the Special Referee in part and reduced alimony payments from $140 to $125 per week, modified, on the facts and in the exercise of discretion, to the extent of reinstating the alimony payments to $140 per week beginning from the date of the decision of this court, and otherwise affirmed, without costs or disbursements. The initial level of support for Shirley Golden under a judgment of separation was set at $100 per week in 1961. In March, 1966, Shirley moved to modify the judgment. The parties stipulated in November, 1967 to increase support payments to $140 per week. In February, 1971, a divorce decree was signed. In 1975, Shirley moved to punish David Golden for contempt in defaulting in payments, and David cross-moved to reduce weekly payments from $140 to $70. Shirley then also moved for upward modification of alimony. The motion and cross motion relating to alimony were referred to a Special Referee to hear and report, together with his recommendations. The referee recommended reduction of weekly payments to $125 per week, noting, *inter alia,* that Shirley was employable. However, Shirley is 52 years old, was not previously employed, claims not to have *marketable* skills, and has a progressively deteriorating physical condition. David showed no substantial adverse change in his financial condition. Under these circumstances, the $15-per-week reduction directed by Special Term was significant, and we have modified the order accordingly. Concur—Birns, J. P., Fein, Lane and Bloom, JJ.

Silverman, J., dissents in a memorandum as follows: I would affirm the order appealed from. The divorce decree, apparently based on prior agree-

---

ment of the parties to increase the initial level of support of $100 per week set in 1961, provided for payment of $140 per week by the plaintiff husband to defendant wife for the support of defendant wife and the two children. (There are also certain fringe benefit provisions not affected by the order appealed from.) Since then, the children have reached majority being now 26 and 30 years old and capable of self-support, so there is no longer any legal or moral obligation on plaintiff to support them. There appears to have been no substantial change in the husband's income. We are all aware of course of the intervening inflation. After a hearing before a referee, both the referee and Special Term determined that the support obligation should be modified to $125 per week for the support of the wife alone. The husband has not appealed; the wife has. I do not think that the determination by the referee and Special Term is so far out of line as to warrant our interfering, particularly to this relatively small extent of increasing the $125 to $140.